**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-15-0000830**
**28-JAN-2016**
**08:23 AM**

NO. CAAP-15-0000830

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

PROPERTY RESERVE, INC., a Utah corporation,
acting through its duly authorized agent,
Hawaii Reserves, Inc., a Hawai'i corporation,
Plaintiffs/Counterclaim-Defendants/Appellees,
v.
DAWN K. WASSON, DAWN K. WASSON, as Personal Representative
of the Estate of Henry W. Wasson, Sr., HARRY F. WASSON, et al,
Defendants/Counterclaim-Plaintiffs/Third-Party
Plaintiffs/Appellants,
and
DOE DEFENDANTS 1-20, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 10-1-0916)

ORDER GRANTING JANUARY 19, 2016
MOTION TO DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
AND
DISMISSING ALL OTHER PENDING MOTIONS AS MOOT
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Upon review of (1) Plaintiffs/Counterclaim-Defendants/
Appellees Property Reserve, Inc. (Appellee Property Reserve), and
Hawaii Reserves, Inc.'s (Appellee Hawaii Reserves), January 19,
2016 motion to dismiss appellate court case number CAAP-15-
0000830 for lack of appellate jurisdiction, (2) the lack of any
memorandum by Defendants/Counterclaim-Plaintiffs/Appellants
Dawn K. Wasson, Dawn K. Wasson as Personal Representative of the

Estate of Henry W. Wasson, Sr., and Harry F. Wasson (the Wasson Appellants) in response to Appellee Property Reserve and Appellee Hawaii Reserve's January 19, 2016 motion, and (3) the record, it appears that we lack appellate jurisdiction over the Wasson Appellants' appeal from the Honorable Jeannette H. Castagnetti's August 17, 2015 post-judgment "Order Granting Motion for Extension of Time and Order Imposing Sanctions" (the August 17, 2015 post-judgment order) because the Wasson Appellants did not file their October 30, 2015 notice of appeal within thirty days after entry of the August 17, 2015 post-judgment order, as Rule 4(a)(1) of the Hawaii Rules of Appellate Procedure (HRAP) required for a timely appeal from the August 17, 2015 post-judgment order.

Hawaii Revised Statutes ("HRS") § 641-1(a) (1993 & Supp. 2015) authorizes appeals to the Hawai‘i Intermediate Court of Appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Rule 58 of the Hawai‘i Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." The Supreme Court of Hawai‘i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai‘i 115, 119, 869 P.2d 1334, 1338 (1994). Although the circuit court entered an appealable final judgment as to all claims on December 29, 2014, the Wasson Appellants did not attempt to timely appeal from the December 29, 2014 judgment.

Instead, the Wasson Appellants attempted to appeal from the August 17, 2015 post-judgment order. A post-judgment order is an appealable final order under HRS § 641-1(a) "if the order ends the proceedings, leaving nothing further to be accomplished." Ditto v. McCurdy, 103 Hawaiʻi 153, 157, 80 P.3d 974, 978 (2003) (citation omitted). In other words, "[a] post-judgment order is an appealable final order under HRS § 641-1(a) if the order finally determines the post-judgment proceeding." Hall v. Hall, 96 Hawaiʻi 105, 111 n.4, 26 P.3d 594, 600 n.4 (App. 2001) (citation omitted), affirmed in part, and vacated in part on other grounds, Hall v. Hall, 95 Hawaiʻi 318, 22 P.3d 965 (2001). Although, for the purpose of appealability, a separate judgment is usually necessary under HRCP Rule 58 and the holding in Jenkins, "the separate judgment requirement articulated in Jenkins is inapposite in the post-judgment context." Ditto v. McCurdy, 103 Hawaiʻi at 158, 80 P.3d at 979.

> Clearly, the rule in Jenkins - to wit, that circuit court orders resolving claims against parties must generally be reduced to a judgment and the judgment must be entered in favor of or against the appropriate parties pursuant to HRCP Rule 58 before an appeal may be taken - is limited to circuit court orders disposing of claims raised in a circuit court complaint.

Id. at 159, 80 P.3d at 980. "Accordingly, the time for appealing the matters conclusively decided by the . . . [post-judgment] order commence[s] upon entry thereof, [and] not upon entry of . . . [any] superfluous . . . judgment on the [post-judgment] order." Id. at 159-60, 80 P.3d at 980-81.

In the instant case, on July 10, 2015, the circuit court entered a post-judgment order requiring the Wasson Appellants to show cause why the circuit court should not

sanction them pursuant to HRCP Rule 11. On July 28, 2015, the Wasson Appellants filed an answer to the July 10, 2015 post-judgment order to show cause. On July 28, 2015, the Wasson Appellants also filed a motion for an extension of time to more fully respond to the July 10, 2015 post-judgment order to show cause. The circuit court's August 17, 2015 post-judgment order appears to have finally determined, and, thus, ended the post-judgment proceedings on the July 10, 2015 post-judgment order to show cause in that the August 17, 2015 post-judgment order granted the Wasson Appellants' motion for an extension of time to respond to the July 10, 2015 post-judgment order to show cause (and thus found Wasson's July 28, 2015 Answer to have been timely filed, and the August 17, 2015 post-judgment order imposed a sanction against the Wasson Appellants by declaring that circuit court prohibited the Wasson Appellants from filing any further motions or papers unless a licensed attorney first certified such motions or papers as non-frivolous. The August 17, 2015 post-judgment order appears to have left nothing further to be adjudicated. Therefore, the August 17, 2015 post-judgment order was an immediately appealable final post-judgment order under HRS § 641-1(a).

Nevertheless, the Wasson Appellants did not file their October 30, 2015 notice of appeal within thirty days after entry of the August 17, 2015 post-judgment order, as HRAP Rule 4(a)(1) required for a timely appeal. The Supreme Court of Hawaiʻi has consistently held that the failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in

-4-

the exercise of judicial discretion. <u>Bacon v. Karlin</u>, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal."). Therefore, it appears that the Wasson Appellants' appeal is untimely and we lack appellate jurisdiction.

Accordingly, IT IS HEREBY ORDERED Appellee Property Reserve and Appellee Hawaii Reserve's January 19, 2016 motion to dismiss for lack of appellate jurisdiction is granted, and appellate court case number CAAP-15-0000830 is dismissed.

IT IS FURTHER HEREBY ORDERED that all other pending motions in appellate court case number CAAP-15-0000830 are dismissed as moot.

DATED: Honolulu, Hawai'i, January 28, 2016,

Presiding Judge

Associate Judge

Associate Judge

-5-